**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**MITCHELL L. ORR,**

**Plaintiff,**

**v.** **Case No. 3:26-cv-00412**

**DAVID L. KELLY, et al.,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff Mitchell L. Orr's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and his *pro se* Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). Having considered the Application and supporting financial documentation, the Court **GRANTS** the Application. (ECF No. 1). For the reasons that follow, Plaintiff is further **ORDERED** to file an Amended Complaint correcting the deficiencies identified herein.

## I. Relevant History

Plaintiff, Mitchell L. Orr, is currently an inmate at Salem Correctional Center in Salem, West Virginia. *See* W. Va. Div. of Corr. & Rehab., Offender Search, OID Number 3535234, https://ois.wv.gov/OIS/OffenderSearch (last visited Oct. 8, 2026). On June 17, 2026, Plaintiff filed the instant Complaint pursuant to 42 U.S.C. § 1983, naming as Defendants David L. Kelly, Commissioner of the West Virginia Division of Corrections and Rehabilitation ("DCR"); Benita F. Murphy, Chairperson of the West Virginia Parole Board; and Carl E. Aldridge, Superintendent of the Western Regional Jail and Correctional Facility ("WRJ"). (ECF No. 2 at 1-4).

Plaintiff's allegations concern his classification, assignment to rehabilitative programming, and consideration for parole while incarcerated at WRJ. (*Id.* at 4-8). Plaintiff

alleges that he underwent a classification assessment in October 2025 and subsequently sought information concerning the programming he needed to complete before becoming eligible for parole in April 2026. (*Id.* at 4-5). According to Plaintiff, he initially was informed that he had not been assigned any required classes but later learned that he was required to complete a sex offender treatment program identified as "SOT-I." (*Id.*). Plaintiff contends that the program was unavailable at WRJ, that he was placed on a waiting list, and that his inability to complete the program adversely affected his opportunity to obtain parole. (*Id.* at 5, 7-8).

Plaintiff further alleges that he did not receive timely parole consideration upon becoming eligible in April 2026. (*Id.* at 7). He states that he was placed on a "Further Consideration" list and references a parole hearing on June 4, 2026, as well as a Parole Decision Summary dated June 1, 2026. (*Id.* at 7-8). Plaintiff appears to challenge both the timing of his parole consideration and the effect of the outstanding SOT-I requirement on the Parole Board's decision. (*Id.*).

As relief, Plaintiff seeks monetary damages, injunctive relief, and declaratory relief. (*Id.* at 5, 8). Among other things, he requests removal of the SOT-I requirement or transfer to a facility where the program is available, another opportunity for parole consideration, and release on parole. (*Id.*).

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to United States Magistrate Judge Joseph K. Reeder for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). As stated herein, having performed an initial review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the undersigned finds certain deficiencies in pleading that must be corrected before this action can proceed.

## II. Application to Proceed without Prepayment of Fees and Costs

Plaintiff has filed an Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), along with the required institutional financial documentation, (ECF Nos. 1-1, 1-2). Having reviewed the Application and supporting documentation, the Court **FINDS** that Plaintiff qualifies to proceed *in forma pauperis* and accordingly **GRANTS** the Application. (ECF No. 1).

Under 28 U.S.C. § 1915(b)(1), a prisoner proceeding without prepayment of fees is required to pay the full filing fee and must make an initial partial filing fee payment equal to twenty percent of the greater of the average monthly deposits to his inmate account or the average monthly balance in his inmate account for the six-month period preceding the filing of the Complaint.

Plaintiff's institutional account information reflects sufficient funds to assess an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). (ECF No. 1-2). Because Plaintiff's average monthly account balance exceeds his average monthly deposits for the six-month period preceding the filing of his Complaint, the initial partial filing fee is calculated as twenty percent of his average monthly account balance. *Id.*; *see also* 28 U.S.C. § 1915(b)(1). Accordingly, Plaintiff is **ORDERED** to pay an initial partial filing fee of $16.02 within thirty (30) days of entry of this Order.

If Plaintiff is presently unable to pay the assessed initial partial filing fee because he lacks sufficient funds, he shall, within the same thirty-day period, notify the Court of that circumstance in writing and submit a current copy of his inmate account statement demonstrating his inability to make the initial partial payment. Plaintiff will not be prohibited from proceeding with this action solely because he lacks the assets and means to make the initial partial payment. *See* 28 U.S.C. § 1915(b)(4).

Beginning **December 5, 2026,** and on the fifth day of each month thereafter, monthly payments shall be made in an amount equal to twenty percent of the preceding month's income credited to Plaintiff's inmate account until the full filing fee of $350.00[1] has been paid. Salem Correctional Center, or any other agency or facility having custody of Plaintiff, is **ORDERED** to forward payments from Plaintiff's inmate account to the Clerk of Court each time the amount in Plaintiff's inmate account exceeds $10.00 until the full filing fee is paid. *See* 28 U.S.C. § 1915(b).

It is **ORDERED** and **NOTICED** that the recovery, if any, obtained in this action shall be paid to the Clerk of Court who shall collect therefrom all unpaid fees and costs taxed against Plaintiff and shall pay the balance, if any, to Plaintiff.

## III. Deficiencies in the Complaint

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has preliminarily reviewed Plaintiff's Complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although pro se complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop Plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the Court may allow a pro se plaintiff the opportunity to amend his

[1] The filing fee for civil actions in this district is $405.00, which includes a $55.00 administrative fee. However, the administrative fee does not apply to persons granted *in forma pauperis* status or habeas proceedings. *See* https://www.wvsd.uscourts.gov/sites/wvsd/files/DISTRICT%20COURT%20FEES%20-%2012-01-2023%20FINAL.pdf.

complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

### *Pleading Requirements*

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. According to Rule 8, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a). The operative words are "short" and "plain."

Federal Rule of Civil Procedure 10 addresses the form of pleadings. Rule 10 requires the complaint to name all of the parties, Fed. R. Civ. P. 10(a), and requires a party to state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Here, Plaintiff's Complaint does not satisfy these pleading requirements. Although Plaintiff describes concerns regarding his classification, required rehabilitative programming, and consideration for parole, his allegations do not clearly identify the particular constitutional claims he intends to assert, the specific conduct attributable to each Defendant, or how that conduct allegedly violated his federal constitutional rights. Accordingly, Plaintiff must file an Amended Complaint that clearly and concisely sets forth each claim and the factual allegations supporting it.

### *Failure to State a Claim*

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of state law. To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege, or immunity; and (2) the official did so under color of state law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, No. 9:10-1111-HFF-BM, 2010 WL

3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under § 1983.

For an individual defendant to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Accordingly, Plaintiff must set forth factual allegations explaining how each Defendant personally violated Plaintiff's federal constitutional or statutory rights.

Here, Plaintiff's allegations concern his assignment to rehabilitative programming and the timing and outcome of his consideration for parole. Plaintiff contends that he was required to complete the SOT-I program but was unable to do so because the program was not available at WRJ. (ECF No. 2 at 4-5, 7-8). He further alleges that he was eligible for parole consideration in April 2026 but was placed on a "Further Consideration" list and did not receive a parole hearing until June 2026. (*Id.* at 7-8). Although Plaintiff appears to contend that these circumstances violated his constitutional rights, the Complaint does not sufficiently explain the particular federal constitutional deprivation he attributes to the challenged programming requirements or parole procedures.

To the extent Plaintiff challenges the procedures used in considering him for parole, such a claim is not necessarily excluded from an action under § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005). However, Plaintiff must identify the particular procedures he contends were constitutionally deficient and explain how those procedures affected his parole consideration. Specifically, Plaintiff should clarify when he became eligible for parole consideration, when he was considered by the Parole Board, what decision was made, and how the alleged delay or SOT-I requirement deprived him of a federally protected right. Plaintiff should also explain whether the SOT-I requirement delayed his parole hearing,

affected the Parole Board's decision, or otherwise impaired the procedures afforded to him during parole consideration. Finally, Plaintiff should clarify the relationship between the parole hearing he identifies as occurring on June 4, 2026, and the Parole Decision Summary he identifies as dated June 1, 2026. (ECF No. 2 at 7-8).

With respect to the SOT-I requirement, Plaintiff must provide additional facts explaining who imposed the requirement, when it was imposed, the basis for imposing it, and whether Plaintiff had an opportunity to challenge or seek removal of the requirement. Although an inmate generally has no independent constitutional right to participate in a particular rehabilitative program, *see Bowring v. Godwin*, 551 F.2d 44, 48 n.2 (4th Cir. 1977), the imposition of sex offender treatment requirements may implicate procedural due process protections under certain circumstances. *See Gilmore v. Bostic*, 636 F. Supp. 2d 496, 509-12 (S.D.W. Va. 2009). Accordingly, Plaintiff must explain how the imposition of the SOT-I requirement or his inability to participate in the program allegedly deprived him of a federally protected right.

Additionally, Plaintiff names David L. Kelly, Benita F. Murphy, and Carl E. Aldridge as Defendants but does not adequately explain what each Defendant personally did or failed to do that allegedly violated his constitutional rights. Liability under § 1983 must be based on a defendant's own conduct and cannot rest solely on a supervisory position. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Accordingly, Plaintiff must identify the specific actions or omissions attributable to each Defendant, including, to the extent known, when those actions or omissions occurred and how they caused the alleged constitutional deprivation. Plaintiff may not rely solely on the Defendants' respective positions within the DCR, Parole Board, or WRJ to establish liability.

Finally, Plaintiff seeks several forms of relief, including monetary damages, changes to his programming requirements, additional parole consideration, and release on parole.

(ECF No. 2 at 5, 8). Although certain challenges to parole procedures may proceed under § 1983, a prisoner may not use § 1983 to obtain immediate release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Wilkinson*, 544 U.S. at 81-82. Plaintiff must therefore clarify the relief he seeks with respect to each claim and identify the factual and legal basis for requesting that relief.

Accordingly, Plaintiff must amend his Complaint to identify each federal constitutional or statutory right he contends was violated, explain the specific conduct underlying each claim, identify the Defendant or Defendants responsible for that conduct, and provide sufficient factual allegations to permit the Court to determine whether he has stated a plausible claim for relief under § 1983.

### ***One Single Document***

Plaintiff is advised that his Amended Complaint will supersede the original Complaint and should therefore contain all claims, factual allegations, and Defendants that Plaintiff wishes the Court to consider. Plaintiff should not rely upon the original Complaint or any other prior filing to supply allegations or claims omitted from the Amended Complaint. Rather, Plaintiff should include all allegations and facts relevant to his claims in one singular Amended Complaint.

## IV. Conclusion

For the reasons stated above, Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), is **GRANTED**.

Plaintiff is **ORDERED** to pay an initial partial filing fee of $16.02 on or before November 13, 2026. If Plaintiff is presently unable to pay the assessed initial partial filing fee because he lacks sufficient funds, he shall, on or before November 13, 2026, notify the Court of that circumstance in writing and submit a current copy of his inmate account statement demonstrating his inability to make the initial partial payment.

Plaintiff is further **ORDERED** to file, on or before November 13, 2026, an Amended Complaint pursuant to 42 U.S.C. § 1983 using the Court-approved form provided by the Clerk of Court. Plaintiff's Amended Complaint must comply with the requirements set forth herein and must be filed as one complete, stand-alone document. In his Amended Complaint, Plaintiff shall:

1. Identify by name each individual or entity that Plaintiff contends violated his federal constitutional or statutory rights. To the extent Plaintiff does not know the name of a particular individual, Plaintiff shall identify that person as specifically as possible, including, if known, the individual's position or job title, employer, work location, shift, and other information that may assist in identifying the individual;
2. Separately state the factual basis for each claim, including the approximate date and location of the relevant events;
3. Explain what each Defendant personally did or failed to do that Plaintiff contends violated his federal constitutional or statutory rights;
4. Identify the specific federal constitutional or statutory right that Plaintiff contends was violated by each Defendant;
5. Clarify the circumstances surrounding his parole eligibility and consideration, including when he became eligible for parole, when he was considered by the Parole Board, the decision reached, and the particular procedures or actions he contends violated his constitutional rights;
6. Clarify the relationship between the parole hearing he identifies as occurring on June 4, 2026, and the Parole Decision Summary he identifies as dated June 1, 2026;
7. Explain the circumstances surrounding the SOT-I programming requirement, including who imposed the requirement, when it was imposed, whether completion of the program was required for parole consideration or was a factor in the parole

decision, and how the requirement or the program's unavailability allegedly violated his federal constitutional rights;

8. Explain how each Defendant's specific actions or omissions caused or contributed to the alleged constitutional violations; and
9. Clearly and simply state the relief Plaintiff seeks from this Court with respect to each claim.

Plaintiff is hereby **NOTIFIED** that the Amended Complaint will supersede the original Complaint and become the operative pleading in this action. Therefore, Plaintiff must include in the Amended Complaint all claims, factual allegations, and Defendants that he wishes the Court to consider and may not rely upon or incorporate by reference allegations contained in the original Complaint or any other prior filing.

Plaintiff is further **NOTIFIED** that failure to file a completed Amended Complaint on or before November 13, 2026, may result in a recommendation that this action be dismissed for failure to prosecute and failure to comply with an order of the Court. Plaintiff is also **NOTIFIED** that failure to pay the initial partial filing fee or, alternatively, notify the Court and submit a current inmate account statement demonstrating his inability to make the payment on or before November 13, 2026, may result in further action by the Court.

Plaintiff is further **NOTIFIED** that he is responsible for notifying the Clerk of Court of any change in his address or other contact information. Failure to do so may result in a recommendation of dismissal of this action.

The Clerk is directed to provide Plaintiff with a blank form Complaint pursuant to 42 U.S.C. § 1983 and a copy of this Memorandum Opinion and Order at Salem Correctional Center. The Clerk is further directed to send a copy of this Memorandum Opinion and Order to the appropriate financial officer at Salem Correctional Center.

**ENTERED:** October 14, 2026



/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE